UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

ROY SHERMAN BURNETT

NO. 08-00067-JWD-EWD

RULING

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* filed by Defendant Roy Sherman Burnett ("Burnett" or "Defendant").[1] The United States of America ("the Government") has filed an *Opposition*.[2] For the following reasons, the Defendant's *Motion* is **DENIED**.

I. Background

On December 10, 2008, the Defendant pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. § 841(a)(1) in accordance with a *Plea Agreement*.[3] On July 24, 2009, Burnett was sentenced to 204 months of imprisonment followed by a term of five years on supervised released.[4] He did not appeal. The Defendant filed the instant *Motion* on June 23, 2016 challenging the application of the United States Sentencing Guidelines career offender provisions based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016).[5] The Government argues

---

[1] Doc. 278.
[2] Doc. 286.
[3] *See* Docs. 132 and 147.
[4] *See* Doc. 194.
[5] Doc. 278.

1

that *Beckles v. United States*, 137 S.Ct. 886, 892 (2017) forecloses the relief Burnett seeks.[6]

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack.[7] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[8]

## III. Discussion

Burnett was sentenced as a career offender pursuant to United States Sentencing Guidelines § 4B1.1 due to his two prior felony convictions.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[9]

The Defendant had previous convictions for burglary of a habitation in Montgomery County, Texas in 1993 and conspiracy to possess with intent to distribute cocaine in Corpus Christi, Texas in 1999. As a result of those convictions, Burnett qualified as a

---

[6] Doc. 286.
[7] 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
[8] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).
[9] U.S.S.G. § 4B1.1.

career offender under the sentencing guidelines. He challenged only his burglary conviction as a predicate crime for career offender enhancement.

The United States Sentencing Guidelines ("U.S.S.G") defined crimes of violence to include "burglary of a dwelling, arson, or extortion, involves use of explosives...."[10]

The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague. U.S.S.G. § 4B1.2(a)(2) has a residual clause identical to the one held to be void for vagueness in *Johnson*. However, *Johnson* did not change the effect of the enumerated provisions of § 924(e)(ii):

> "Today's decision does not call into question application of the [Armed Career Criminal] Act to the four enumerated offenses, or the remainder of the [Armed Career Criminal] Act's definition of a violent felony."[11]

The enumerated provisions of the United States Sentencing Guidelines are similarly unaffected by *Johnson*. The Court in *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness:[12]

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.[13]

Accordingly, the Defendant's challenge is without merit and his *Motion* shall be denied.

---

[10] U.S.S.G. § 4B1.1.2(a)(2).
[11] *Johnson*, 135 S.Ct. at 2563.
[12] 137 S.Ct. at 892
[13] *Id.*

3

## IV. Conclusion

For the foregoing reasons, Defendant's *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* is hereby **DENIED.**[14]

Signed in Baton Rouge, Louisiana, on February __26__, 2018.

_____
JUDGE JOHN W. DEGRAVELLES
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] Doc. 278.